# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| CHARLES EDWARD MACK, JR., <br><br> Plaintiff, <br><br> vs. <br><br> ANDREA DRYER, <br><br> Defendant. | No. C11-2030-LRR <br><br> INITIAL REVIEW ORDER |

This matter is before the court on the plaintiff's application to proceed in forma pauperis (docket no. 1). The plaintiff filed such application on June 30, 2011. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint under 42 U.S.C. § 1983.

## *I. IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915*

Based on the plaintiff's application, the court concludes that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The clerk's office shall file the complaint without the prepayment of the filing fee. Although the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Based on the statements that the plaintiff made, the court finds that the initial partial filing fee is $5.00. 28 U.S.C. § 1915(b)(1). The plaintiff shall submit $5.00 by no later than September 8, 2011. *Id*. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

## II. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who

2

is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g., Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

### III. CLAIM ASSERTED

Currently confined at the Black Hawk County Jail in Waterloo, Iowa, the plaintiff, proceeding pro se, submitted a complaint to redress issues that are related to criminal proceedings. The plaintiff predicates jurisdiction on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears proper as the defendant is located in this district and the events giving rise to the instant action occurred in this district.

In his complaint, the plaintiff states:

> On or about 5-25-10, my attorney Andrea Dryer told me if I didn't [plead] guilty to second degree [burglary] and [an] assault charge, I would get first degree [burglary] and do [twenty-five] years in prison. I was scared so I [pleaded] guilty. She [coerced] me into pleading guilty when I was not. She didn't tell me that someone was going to testify on my behalf and she knew the whole time. I am in jail on [a] probation violation with a [$30,000] bond because of it now.

3

As relief, the plaintiff states that he wants punitive damages in the amount of $10,000 per day, mental anguish in the amount of $1,000 per day or whatever the court deems appropriate. He also asks the court to force the public defenders not to do this anymore.

## IV. ANALYSIS

### A. Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S. Ct. 1905, 60 L. Ed. 2d 508 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the

4

Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

### B. Plaintiff's Claim

Based on the facts alleged against Andrea Dryer, it is clear that the plaintiff does not state a viable claim under 42 U.S.C. § 1983. A private attorney, even when appointed by the court, ordinarily does not act under color of state law for purposes of filing an action under 42 U.S.C. § 1983, *see Lemmons v. Law Firm of Morris & Morris*, 39 F.3d 264, 266 (10th Cir. 1994), or as a federal agent for purposes of filing a *Bivens* action, *see Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984). Stated differently, a federal suit generally does not arise for actions that an attorney (privately retained, court-appointed or a public defender) takes during the course of representing a defendant. *See Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *Haley*, 751 F.2d at 285. Consequently, Andrea Dryer's purely private actions afford no basis for federal jurisdiction and the plaintiff's claim that Andrea Dryer unconstitutionally advised him or represented him must be dismissed for lack of subject matter jurisdiction.

Finally, to the extent that the plaintiff is attempting to assert state-law claims, the court declines to exercise supplemental jurisdiction. *See Brown v. Peterson*, 156 Fed. App'x 870, 871 (8th Cir. 2005) (concluding decision to exercise supplemental jurisdiction over state-law claim is discretionary); *see also McLaurin v. Prater*, 30 F.3d 982, 985 (8th Cir. 1994) (indicating subsection (c) of 28 U.S.C. § 1367 clearly gives a court discretion to reject jurisdiction over supplemental claims).

In light of the foregoing, the plaintiff's action shall be dismissed for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss

the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).[1]

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis status (docket no. 1) is granted.

(2) The clerk's office is directed to file the complaint without the prepayment of the filing fee.

(3) The plaintiff is directed to submit an initial partial filing fee of $5.00 by no later than September 8, 2011. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

(4) After the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

---

[1] With respect to the plaintiff's additional claim against the Black Hawk County Jail, it is wholly unrelated to the plaintiff's claim against Andrea Dryer. So, in the event that the plaintiff desires to pursue an action against the Black Hawk County Jail, he should submit a separate complaint and application to proceed in forma pauperis. *Cf. George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2005) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [multi-claim and multi-defendant suits produce] but also to ensure that prisoners pay the required filing fees—for the Prisoner Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

(5) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

(6) The plaintiff's 42 U.S.C. § 1983 action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

(7) The dismissal of the instant action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**DATED** this 29th day of August, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO: **WARDEN/ADMINISTRATOR**
Black Hawk County Jail, Waterloo, Iowa

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Charles Edward Mack, Jr., an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Charles Edward Mack, Jr. v. Andrea Dryer*, Case No. C11-2030-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $5.00, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

*K Jorgensen* Deputy Clerk
_____
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa